IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-17-BO

| | |
|---|---|
| SANDRA ELLIOTT, LEARNING LINKS EDUCATIONAL CENTER, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EARLENE MCKEITHAN BAGGETT, )<br>HILDA THOMPSON, CAROL YVONNE )<br>SMITH, and SHAMEKA WILKERSON, )<br>)<br>Defendants. ) | **O R D E R** |

This matter comes before the Court for frivolity review pursuant to 28 U.S.C. section 1915(e)(2)(B). On January 26, 2015, United States Magistrate Judge Robert B. Jones, Jr. granting plaintiff's motion for leave to proceed *in forma pauperis*. A claim proceeding *in forma pauperis* may be dismissed at any time if it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff proceeding *in forma pauperis* must "meet certain minimum standards of rationality and specificity," and delusional or fantastic claims which are clearly baseless are subject to dismissal. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). A court may also dismiss all or any part of a complaint which fails to state a claim upon which relief can be granted or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff alleges that defendant Baggett was director of Learning Links Educational Center and that during her tenure she embezzled company funds through fraud on the company and health care subsidiaries Tricare and Medicaid. Plaintiff alleges the scheme operated from 2008 through 2009, and that the remaining defendants committed common law fraud and identity theft in perpetrating the embezzlement scheme. Plaintiffs seek punitive, compensatory, and actual damages.

Plaintiff appears to be alleging a claim under the False Claims Act, 37 U.S.C. §§ 3729, *et seq.*, for presenting false or fraudulent claims for payment or approval to the government. Plaintiff has failed to state a claim upon which relief can be granted under the False Claims Act.

First, a complaint for violations of the False Claims Act must be served along with a written disclosure of the substantially material evidence on the government. 31 U.S.C. § 3730(b)(2). Plaintiff has not demonstrated that she has served any portion or her complaint or evidence on the government. Second, "[a] qui tam suit is barred . . . '[i]f the person bringing the action is convicted of criminal conduct arising from his or her role in the violation of section 3729.'" *U.S. ex rel. Green v. Serv. Contract Educ. & Training Trust Fund*, 843 F. Supp. 2d 20, 28 (D.D.C. 2012) (quoting 31 U.S.C. § 3730(d)(3)). The Court may take judicial notice of plaintiff's conviction for healthcare fraud and aiding and abetting in violation of 18 U.S.C. § 1347 and 2. *See United States v. Elliott*, 5:09-CR-383-BO. The criminal information to which plaintiff pleaded guilty alleged that plaintiff engaged in fraudulent billing of Medicaid and Tricare for services allegedly provided to children at Learning Links Education Center. Thus, because the fraud of which plaintiff now complains served as the basis for her own criminal conviction, her claim is barred.

Third, the Court lacks subject matter jurisdiction over plaintiff's False Claims Act complaint due to the public disclosure bar. 31 U.S.C. § 3730(e)(4)(A). The public disclosure bar seeks to "prevent 'parasitic' *qui tam* actions in which relators, rather than bringing to light independently-discovered information of fraud, simply feed off of previous disclosures of government fraud." *U.S. ex rel. Siller v. Becton Dickinson & Co. By & Through Microbiology Sys. Div.*, 21 F.3d 1339, 1347 (4th Cir. 1994). As is evidenced by the newspaper article attached to plaintiff's complaint, defendant Baggett's fraudulent activities have been publically disclosed in the news media. 31 U.S.C. § 3730(e)(4)(A)(iii). Additionally, as evidenced by the related case memorandum attached to plaintiff's complaint, the government has initiated criminal proceedings against defendant Baggett, further supporting a finding that the government is already aware of the fraudulent activities about which plaintiff complains. 31 U.S.C. § 3730(e)(4)(A)(i) (court shall dismiss action if the allegations were publicly disclosed in federal criminal action).

Plaintiff's *pro se* complaint also appears to allege a claim for fraud under state law against defendants. In order to demonstrate fraud under North Carolina law, a plaintiff must allege "(a) that defendant made a representation relating to some material past or existing fact; (b) that the representation was false; (c) that when he made it defendant knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (d) that the defendant made the false representation with the intention that it should be acted on by the plaintiff; (e) that the plaintiff reasonably relied upon the representation and acted upon it; and (f) that the plaintiff suffered injury." *Bolick v. Townsend Co., a Subsidiary of Merrill Lynch Realty Associates*, 94 N.C. App. 650, 652, 381 S.E.2d 175, 176 (1989)(alterations and citation omitted).

Plaintiff's complaint fails to make sufficient allegations that *plaintiff* was deceived and injured by defendant's fraudulent activity. Thus, any claim for fraud fails.

Plaintiff further alleges that defendants committed identity theft. While the victim of identity theft may file a civil action for damages, *see e.g.* N.C. Gen. Stat. § 1-539.2C, plaintiff has not alleged that *she* was the victim of defendants' identity theft. This claim also fails.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed pursuant to 28 U.S.C. section 1915(e)(2)(B).


SO ORDERED, this 27 day of February, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE